UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 18, 2022

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| MILOMIR DESNICA, | : | VIOLATIONS: |
| | : | 21 U.S.C. 846 |
| Defendant. | : | (Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More Methamphetamine) |
| | : | 18 U.S.C. 1956(h) |
| | : | (Conspiracy to Launder Monetary Instruments) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(p) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

Beginning in or about November 2019 and continuing up to and including December 28, 2021, within the District of Columbia and elsewhere, **MILOMIR DESNICA** did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II, controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1); and 841(b)(1)(B)(i).

Quantity of Methamphetamine Involved in the Conspiracy:

With respect to defendant **MILOMIR DESNICA** his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21 United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii).

(**Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

Beginning in or about November 2019 and continuing through in or about May 2022, within the District of Columbia and elsewhere, defendant **MILOMIR DESNICA**, did knowingly and willfully combine, conspire, confederate and agree together and with other persons, both known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, that is the movement of funds by wire, which in fact involved the proceeds of a specified unlawful activity, that is the conspiracy to distribute controlled substances, with the intent to promote the carrying on of this specified unlawful activity. The defendants knew that the property involved in these financial transactions represented the proceeds of some form of unlawful activity.

(**Conspiracy to Launder Monetary Instruments**, in violation of Title 18, United States Code, Section 1956(h))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Counts One of this Indictment, the defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

2. Upon conviction of the offense alleged in Count Two of this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in these offenses, or any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in these offenses, and any property traceable to such property.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 982(a)(1), and Title 21, United States Code, Section 853(p))

A TRUE BILL:

FOREPERSON.

Matthew M. Graves
Attorney of the United States in
and for the District of Columbia.